[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11946

Non-Argument Calendar

_____

DERRICK ALLEN,

                                        Plaintiff-Appellant,

*versus*

J SANTIAGO,

Awp,

C MAIORANA,

Warden, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-03145-TKW-EMT

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Derrick Allen, *pro se*, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action as malicious under 28 U.S.C. § 1915A. He argues that the form complaint that he filled out was ambiguous, and that he did not intentionally misrepresent his litigation history or otherwise act in bad faith.

We review for abuse of discretion a sua sponte dismissal under § 1915A(b)(1), which requires district courts to dismiss malicious filings. *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The district court did not abuse its discretion in dismissing Allen's complaint without prejudice because he failed to disclose all of his relevant prior litigation, and the court was within its

22-11946               Opinion of the Court                    3

discretion to dismiss as malicious because of that failure. Accordingly, we affirm the district court's dismissal of the action without prejudice.

**AFFIRMED.**[1]

---

[1] Additionally, Allen's motion for appointment of counsel is DENIED, and his motion to consolidate the appeal with Case Number 22-13808 is DENIED as MOOT.